The opinion of the Court was delivered by
Inglis, J.
The Act of Assembly of September 21, 1866, section four, (13 Stat. 388,) gives to the District Court exclusive jurisdiction in all cases of larceny and of misdemeanor. The verdict in this case has ascertained that the offence committed by the appellant, Ellison, in the transaction which was the subject of indictment and investigation, was a misdemeanor, and has thereby demonstrated that according to the present law the Court of Sessions had no jurisdiction in his case, and, of course, cannot proceed further therein. In The State vs. Nathan Garner et al., heard and determined in the Court of Errors at its last sitting, the defendant, a person of color, had been indicted in the Court of Sessions for burglary, the count being so framed as to include therein a charge of larceny. The jury found the defendant guilty of the larceny. It was adjudged that the Court of Sessions was thereupon ousted of jurisdiction in the case, and judgment was arrested.
In The Slate vs. Walker and The State vs. Quick, decided at our last term, this Court held that where the jurisdiction of *201 the Court of Sessions had already attached upon a case before the Act of September, 1866 — as where, previously thereto, an indictment had been found in the Sessions, (as in Walker’s case,) or a recognizance to appear there had upon arrest been entered into, or even where warrant had issued, (as in Quick’s case) — that Court retained its jurisdiction to complete the proceedings thus begun. But certainly prima facie the Court of Sessions has now no jurisdiction in cases of larceny or misdemeanor, and if any special circumstances exist which take the particular case out of the general rule, those circumstances ought to appear. Nothing of this kind is disclosed in the report sent up of the present case. When it is considered in how many instances a larceny or a misdemeanor is so included as a necessary element in the definition of a higher offence that the jury, upon the trial of an indictment for an offence of which the Court of Sessions alone has jurisdiction, may negative the aggravations which are essential to constitute the crime charged, and find only the inferior offence included therein, the serious inconvenience introduced by the operation of the Act of September, 1866, must be regretted.
But an anomaly still more surprising and deplorable has been introduced by subsequent legislation. The Act of Assembly of December 21, 1866, section eleven, (13 Stat. 494,) gives to the superior Court of law and to the District Courts “ concurrent jurisdiction of all cases in law, civil and criminal, of which, by the Constitution, the District Courts have jurisdiction.” The Constitution has invested the District Courts with jurisdiction of “ail criminal cases wherein the accused is a person of color.” The remarkable result of this legislation is, that a “ person of color ” may be tried either in the superior or inferior Court for a misdemeanor, a larceny, &c., but a white citizen can be tried only in the inferior Court. The color of a defendant will, therefore, constitute another exception to the general rule herein affirmed, that the Court of Sessions has no jurisdiction of misdemeanor, &e. The present *202 case furnishes a good illustration of this singular state of the law. The colored defendant has had his trial and received his sentence in the superior Court. Thp white defendant must be sent down to the Court of inferior jurisdiction; but he is entitled to avail himself of this, his legal inferiority.
The motion in arrest of judgment is granted.
Dunkin, C. J., and Wardlaw, A. J., concurred.

Motion granted.